NICOLET'S EXECUTOR *vs.* MOREAU ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL·DISTRICT.

Where the act of sale contains the clause *de non alienando*, the vendor is
relieved from the necessity of making the third possessor a party to the
executory proceedings, in asserting his mortgage against the mortgaged
premises.

This suit commenced by an order of seizure and sale. Nicolet, in his lifetime, had sold a lot of ground to the defendant Moreau, and retained the vendor's mortgage. One of the notes becoming due and remaining unpaid, the executor procured an order of seizure and sale, and the lot in question was adjudicated to one Tremoulet as the highest bidder.

In the meantime, and before the sale by the sheriff, Moreau had sold this lot to one G. T. Weisse, and Tremoulet refused to comply with the terms of sale, as the lot did not appear to be the property of Moreau, against whom the order of seizure and sale issued, and that he could not obtain a good title.

The sale from the plaintiff to Moreau contained the clause *de non alienando.*

On a rule to show cause why he should not comply with the terms of sale, the district judge made the rule absolute, for the following reasons :

" The court having taken this case under consideration, on the rule taken by the plaintiff on A. C. Tremoulet, do for the reasons expressed in the case of *Donaldson* vs. *Maurin,* 1 *Louisiana Reports,* 39 and 40, order and adjudge, that said rule be made absolute, and that A. C. Tremoulet, purchaser of the property seized and sold in this case by the sheriff, do comply with the terms of the sale, and execute his bond accordingly."

The defendant, Tremoulet, appealed.

*Lockett,* for the plaintiff.

*L. Janin,* for the appellant.

*Martin, J.,* delivered the opinion of the court.

This is an hypothecary action, on a note of the defendant, given to the plaintiff's testator, for the price of a lot of ground.

The lot of ground was seized and sold, and adjudicated to one A. C. Tremoulet, who, in answer to a rule to show

cause why he should not comply with the terms and con- <span style="float:right">EASTERN DIST.</span>
ditions of the sale, urged, that he has discovered since the *April,* 1839.
adjudication, that the property sold was not that of the GEORDANO
defendant, against whom the order of seizure and sale had *vs.*
issued, but that of G. T. Weisse, to whom the defendant had THOMAS ET AL.
previously sold it.

The rule was made absolute, and Tremoulet appealed.

It does not appear to us that the judge *a quo* erred. Where the act
Moreau, the mortgagor, bound himself not to alienate or of sale contains the clause *de non*
mortgage the premises to the prejudice of his vendor and *alienando,* the vendor is reliev-
mortgagee. In the cases of *Nathan et al.* vs. *Lee,* 2 *Martin,* ed from the ne-
*N. S.* 32, and *Donaldson* vs. *Maurin,* 1 *Louisiana Reports,* 29, cessity of mak-ing the third
this court held, that the clause *de non alienando,* relieves the possessor a par-ty to the execu-
mortgage creditor, when he resorts to his hypothecary tory proceedings
action, from the obligation or necessity of pursuing all the in asserting his mortgage a-
steps required by this action in ordinary cases, principally to gainst the mort-gaged premises.
make the vendee of the mortgagor, or person in possession, a
party to the executory proceedings in the order of seizure
and sale.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the court be affirmed, with costs.